MICAELA RAMÍREZ, Plaintiff and Appellee, *v.* ANTONIO ROSA SUÁREZ, Defendant and Appellant.

No. 3959. Argued December 7, 1926.—Decided July 22, 1927.

*Rafael Padró Parés* for the appellant. *Buenaventura Esteves* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Micaela Ramírez obtained a divorce from her husband, Antonio Rosa Suárez, on the 30th of June, 1921. The marriage was performed on the 22nd of June, 1914. Previous to that date and for about eighteen years the same two persons had been living together in a state of concubinage. On the 20th of February, 1924, the present suit was filed to liquidate the matrimonial property. The controversy in this court is whether certain real estate belonged separately to the divorced husband. The plaintiff has urged at different times that the said property was common to the former spouses, (1) because it was either acquired during the marriage, or (2) that it was acquired when, in effect, a civil partnership existed between the present parties to this suit.

The theory of the complaint was that the property was acquired during the marriage. The uncontradicted evidence showed that, while the deeds to the property were executed during the marriage, the property was purchased, paid for and possessed by the defendant husband before the marriage. The court so found and any attempt to show that the property was actually acquired during the marriage was abandoned at the time when it was sought to amend the complaint.

The court found that the plaintiff and defendant had been

living together in concubinage for eighteen years and that the property was acquired by money made from the common work of these two persons during the said eighteen years. The court said that this property passed to the conjugal society inasmuch as no *"capitulaciones matrimoniales"* were made. The court finally said that the evidence was confused and that therefore the presumption that the property was matrimonial should prevail. Judgment was rendered for the plaintiff.

As we have indicated, the evidence tended to show that the specific property was acquired before the marriage. It was completely identified and, if in fact it was acquired by the husband before the marriage, the said property was capable of complete segregation from the mass of the conjugal property. If the wife had separate property independently acquired before the marriage which she wanted to protect in case the marriage should be dissolved by death or divorce, it was she who should take some steps to protect her interest. We do not stress this point as the real *ratio decidendi* was that the property was common as having been acquired during the state of concubinage by the joint work and efforts of both persons.

In this regard the decision of this court in the case of *Morales* v. *Cruz Vélez*, 34 P.R.R. 796, recently affirmed by the Circuit Court of Appeals must prevail. Here, as there, the two persons were shown to be living together and there was no evidence of the constitution of any civil partnership.

The evidence at the most tended to show that Micaela Ramírez helped the defendant in his work and labored with him in all that he did. There was no evidence that the pair acquired this property jointly or by common agreement. Furthermore, the real estate was acquired by the defendant and the presumption that it was his own was not destroyed by the evidence. The proof did not show that this particular

property was not acquired by the defendant's own independent earnings.

The judgment must be modified so as to adjudge that the two properties which, according to the plaintiff, are community property are the separate property of the defendant, and as modified, affirmed, without costs.